1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY McKINNEY, | ) | NO. CV 15-2752-SJO (AGR) |
| Petitioner, | ) | |
| v. | ) | |
| J. MACOMBER, Warden, | ) | OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | ) | |

        On April 14, 2015, Petitioner filed a Petition for Writ of Habeas Corpus by a
Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  Petitioner
challenges his conviction in Los Angeles County Superior Court in 1988.
(Petition at 2.)

## I.

## PROCEDURAL BACKGROUND

        Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records
in Petitioner's prior federal habeas corpus action in the Central District, *McKinney
v. Sullivan*, Case No. CV 06-2330-RSWL (SH) ("*McKinney I*").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On September 23, 1998, Petitioner was convicted of attempted second degree burglary and subsequently sentenced to 25 years to life under California's Three Strikes law.  (Petition at 2.).

In *McKinney I*, Petitioner challenged the same conviction.[1]   A Report issued on September 26, 2006, recommending that the petition be denied and the action dismissed with prejudice based on expiration of the statute of limitations.  *Id.*, Dkt. No. 14 at 11.  On October 30, 2006, the district court adopted the Report and entered judgment dismissing the petition with prejudice.  *Id.*, Dkt. Nos. 17-18.  On July 5, 2007, the Ninth Circuit denied the request for a certificate of appealability.  *Id.*, Dkt. No. 27.

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the Petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit.  *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence

---

[1]  According to the Report and Recommendation in *McKinney I*, Petitioner was convicted of one count of attempted second degree burglary.  The trial court sentenced Petitioner to 25 years to life in state prison.  *Id.*, Dkt. No. 14 at 3.

2

of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *McKinney I.  See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); *see also Brandon v. Los Angeles County Sup. Ct.*, 2015 WL 1541567, *3 (C.D. Cal. April 2, 2015) (same).

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Here, summary dismissal is warranted.

### III.

### <u>ORDER</u>

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.


DATED: April 24, 2015.

_____
S. JAMES OTERO
United States District Judge

3